KAISER & BROTHER *v.* BERRIE, sheriff.

SIMMONS, J.—There was no error in the refusal of the trial judge to make the *mandamus* absolute, under the facts of this case.
March 12, 1890.                                         *Judgment affirmed.*

Petition for *mandamus*, etc. Before Judge ATKINSON. Glynn county. At chambers, September 16, 1889.

Kaiser & Bro. alleged that on July 18, 1889, they sued out a dispossessory warrant against Wallace, before Lambright, a notarial magistrate. Copy of the affidavit and warrant is attached to the petition. On the same day, these proceedings were put in the hands of the sheriff of the county for execution, and he exhibited the writ to Wallace in terms of the law, and gave him the statutory notice. Petitioners made no inquiry concerning the process until July 24, when their attorney was informed by the sheriff that he had taken bond and counter-affidavit, and at once turned them over to the attorney for examination. These papers have not yet been returned into court. The attorney asked the sheriff when they had come into his hands, and he replied that on Monday, July 22, one of Wallace's attorneys told him he had the counter-affidavit and bond at his office, but that he (the sheriff) had not received, examined or taken them until July 24, nor had they been filed with him until that day; that he considered the matter all right, because he considered Wallace's attorney a good lawyer, and did not go to his office to examine and approve the papers. Petitioners' attorney

then demanded of the sheriff that he at once éxecute the warrant, informing him as to the time within which counter-affidavit and bond could legally have been taken, but the sheriff absolutely refused to execute•the warrant. The prayer is, for *mandamus nisi* against the sheriff; that upon the hearing it be made absolute; and for general relief.

The affidavit and warrant were against Wallace as a tenant of certain realty, holding over without payment of rent. On the warrant was an entry by the sheriff, dated July 18, 1889, showing notice to and personal service upon Wallace. The counter-affidavit and bond bear date July 22, 1889. By the counter-affidavit Wallace denied that the rent claimed was due. It was made before, and the bond attested and approved by, Lambright.

The sheriff answered that the counter-affidavit and bond were executed within the time required by law and in strict compliance with law. On July 22, they were received and held by one of Wallace's attorneys, as he had agreed to do, for respondent, who was at that time engaged in his official duties in attendance upon the superior court, and promised, after the adjournment of court, to call at the office of Wallace's attorneys for these papers, and for the original affidavit, which he had loaned them that day so they could prepare the bond. The bond is good and sufficient, and was received by respondent when he called at their office for it on July 24, 1889; and since it was so given by Wallace, respondent has had no legal authority to evict him, etc. Respondent would have called and gotten the papers on July 22, as he had promised, but was busily engaged in attendance on the superior court and in the discharge of his other official duties as jailer. He did not actually have the counter-affidavit and bond in his hands until July 24, 1889.

The cause was heard on the pleadings and exhibits, and the judge refused to make the *mandamus* absolute. The plaintiffs excepted.

FRANK H. HARRIS, for plaintiffs.

SYMMES & BENNETT, by J. H. LUMPKIN, for defendant.